**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Edward EMERSON,**
**Defendant–Appellant.**

No. 07–50018.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2008 *.

Filed Feb. 14, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

John Emerson appeals his convictions for (1) aiding and abetting bringing an illegal alien into the country for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2; and (2) bringing an illegal alien into the country without presentation to an immigration officer, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). The facts are known to the parties and need not be repeated here.

██ Emerson challenges the district court's denial of his motion for a mistrial on a claim of prosecutorial misconduct. In its closing argument, the government stated that Emerson "obtained a vehicle specifically designed for smuggling" and that "he was using it for smuggling." Emerson argues that this statement, in conjunction with Treasury Enforcement Communication System ("TECS") records introduced by the government in rebuttal, was designed to elicit prior bad act or propensity evidence. A defendant bears the burden of proving prosecutorial misconduct and reversal of a defendant's conviction is warranted only "if it appears more probable than not that the alleged misconduct affected the jury's verdict." *United States v. Daychild*, 357 F.3d 1082, 1099 (9th Cir. 2004) (citations omitted). The government's statement accurately reflects the evidence introduced at trial and does not necessarily imply that the defendant was using the vehicle for smuggling on other

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

occasions. We do not discern any misconduct in the prosecutor's argument. Even if we were to conclude otherwise, we find it significant that the district court gave a lengthy, detailed cautionary instruction explaining that the defendant was on trial only for acts of smuggling on June 8, 2006. The court instructed the jury that, to the extent the government suggested that smuggling occurred on more than one occasion, they should disregard it and the comment would be stricken. With such a curative instruction, Emerson is unable to show that the government's statement "affected the jury's ability to judge the evidence fairly." *Daychild,* 357 F.3d at 1099–1100; *see United States v. Weitzenhoff,* 35 F.3d 1275, 1291 (9th Cir.1994) (stating that "a prompt and effective admonishment of counsel or curative instruction from the trial judge may effectively 'neutralize the damage'" from acts of prosecutorial misconduct) (citation omitted).

■ Emerson also challenges the district court's refusal to give an adverse instruction on lost evidence. At trial, he requested that the court instruct the jury that all reasonable inferences with regard to a missing bench seat from the van used to smuggle the alien should be made in favor of the defendant and against the government. In determining whether such an instruction is appropriate, we consider whether there is (1) evidence of bad faith or connivance on the part of the government, and (2) prejudice suffered by the defendant from the loss or destruction of the evidence. *See United States v. Artero,* 121 F.3d 1256, 1259–60 (9th Cir. 1997); *United States v. Jennell,* 749 F.2d 1302, 1308–09 (9th Cir.1984). Absent severe circumstances, we employ a balancing approach by looking at both of these factors. *See United States v. Loud Hawk,* 628 F.2d 1139, 1152 (9th Cir.1979) (en banc) (Kennedy, J., concurring). Here, Emerson concedes that there was no bad faith on the part of the government. We also find that he suffered little or no prejudice because the government introduced both photographs depicting and testimony describing the location of the bench seat. Accordingly, we conclude that the district court did not abuse its discretion by declining to give an adverse inference instruction.

■ Finally, we consider whether the district court abused its discretion by excising Emerson's factual argument, that the seller of the vehicle placed the illegal alien into the vehicle's compartment, from his proposed theory of the case instruction, that he had no knowledge that the illegal alien was placed inside the compartment. Emerson is not entitled to an instruction that is "simply a recitation of the facts told from [his] perspective." *United States v. Parker,* 991 F.2d 1493, 1497 (9th Cir.1993) (citation omitted). We also note that Emerson's theory of the case instruction was adequately covered by the court's instructions on the "knowingly" elements of the offenses. *See United States v. Govan,* 152 F.3d 1088, 1093 (9th Cir.1998) (citation omitted).

For each of these reasons, the judgment of the district court is AFFIRMED.